**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

AUDREY CARTER,                    :
                                  :   Civil Action No. 09-2399(FLW)
            Plaintiff,            :
                                  :
                                  :
         v.                       :   **OPINION**
                                  :
HAMILTON AFFORDABLE HOUSING,      :
LLC, et al.,                      :
                                  :
            Defendants.           :

**APPEARANCES**:

   AUDREY CARTER, Plaintiff pro se
   2300 South Broad Street
   Apt. M1
   Hamilton, New Jersey 08610

   I. MICHAEL KESSEL, ESQ.
   LITTLER, MENDELSON, P.C.
   One Newark Center, 8th Floor
   Newark, New Jersey 07102
   Counsel for Defendants

**WOLFSON, District Judge**,

   Plaintiff Audrey Carter (hereinafter "Plaintiff"), brings this action in forma pauperis, alleging that the named defendants discriminated against her on the basis of her race.  Indigent status was granted Plaintiff by Order entered on May 27, 2009.

   On or about July 22, 2009, defendants, Hamilton Affordable Housing, LLC and Natalie Certoma (incorrectly named as Natalie Ramos), filed a motion to dismiss this action for failure to

state a claim upon which relief may be granted. (Docket entry no. 12). Defendants' motion to dismiss is decided without oral argument pursuant to Fed.R.Civ.P. 78. For the following reasons, the motion will be denied in part and granted in part.

## BACKGROUND

Plaintiff brings this action against the following defendants: Hamilton Affordable Housing, LLC and Natalie Certoma (incorrectly identified as Natalie Ramos),[1] (hereinafter, the "Defendants"). Plaintiff filed her Complaint on or about May 19, 2009, and on June 4, 2009, she filed an amended Complaint (docket entry no. 4), alleging that Defendants discriminated against her by not allowing her out of her apartment lease after she reported that the apartment was not habitable.

In particular, Plaintiff alleges that she had been told that her apartment at the Red Oak Manor Apartments, 2300 South Broad Street in Hamilton, New Jersey, had passed inspection and was ready for Plaintiff in January 2009. After moving into her apartment, Plaintiff alleges that she noticed that her insulin, needles, jewelry and other items were missing, and she reported them as stolen to defendant "Natalie" in the main rental office. Plaintiff also reported that maintenance work and repairs were needed in her apartment with respect to her tub, toilet and

---

[1] In their motion to dismiss, defendants properly identified the defendant Natalie Ramos as Natalie Certoma.

kitchen sink.[2]  When Plaintiff complained about the living conditions in her apartment, she claims that Defendant "Natalie" told her that she "did not like renting to 'niggers'" because "there is always a problem when she rents to 'niggers.'" On June 4, 2009, Plaintiff wrote to the Hamilton Housing Inspector about the need for repairs.  The June 4, 2009 letter states that Plaintiff had reported the need for maintenance repairs earlier, and that on June 3, 2009, she had telephoned the housing inspector and was told that the repairs would be done.  (See Docket entry no. 4).

On July 7, 2009, Plaintiff wrote to the Red Oaks Manor Apartments to complain that all repairs had not yet been completed, and that only the tub drain was repaired.  She also asked that floor tiles in the kitchen be replaced because they were old.  (See docket entry no. 8).

On July 17, 2009, Plaintiff wrote to the Court to respond to Defendants' motion to dismiss.[3]  She asserts that she is

---

[2] Plaintiff complains that her tub fills up with water when she showers (fails to drain), and that the water pressure is so strong when she flushes her toilet that waste matter pops up onto her legs.  Plaintiff also complains that her kitchen sink backs up while her dishes are in the sink.

[3] It appears that, on or about July 10, 2009, Defendants' counsel submitted a motion to dismiss in response to Plaintiff's Complaint and amended Complaint, but it was not docketed.  However, Defendants had served the motion to dismiss on the Plaintiff; consequently, Plaintiff responded on July 17, 2009, but before the motion was actually docketed, eventually on July 22, 2009.

proceeding under the Fair Housing Act, Title III of the Civil Rights Act of 1968, Title VI of the Civil Rights Act of 1964, and Section 504 of the Rehabilitation Act of 1973.  Specifically, in response to defendants' contention that plaintiff has not fully exhausted her administrative remedies by filing a racial discrimination claim with the New Jersey Attorney General's Office, or Civil Rights Division of the Department of Housing and Urban Development, Carter alleges that defendants never gave her a copy of her lease agreement, which purportedly makes this prior notification a requirement.  She further states that she had permission to terminate her lease with the Red Oak Apartments because of the uninhabitable conditions, but they refused.  She further broadly alleges that the defendants acted in a racially discriminatory manner because white tenants have been able to move in and out of their apartments and break their leases for many reasons.  Carter also states that defendant Natalie Certoma "did offend [Carter] by making racial overtones by commenting about not wanting to rent to blacks."  (Document entry no. 9 at ¶ 10(b)).

On July 22, 2009, Defendants' motion to dismiss the Complaint, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim was received and docketed by the Clerk of the Court. (Docket entry no. 12).  On August 7, 2009, Defendants filed a reply to Plaintiff's July 17, 2009 opposition.

On August 12, 2009, this Court received a letter from Plaintiff asking that her case be postponed so that she can obtain counsel. She submitted an application for assignment of pro bono counsel based on her lack of legal knowledge, an unidentified disability, and poverty. (Docket entry nos. 14, 15 and 17). Her request for appointment of counsel was denied without prejudice on September 17, 2009. (Docket entry no. 19).

On August 14, 2009, counsel for defendants wrote to this Court to inform the Court that Plaintiff had written a highly vexatious and defamatory letter to Hamilton Affordable Housing, LLC about defendant manager Natalie Certoma. Counsel asked this Court to reprimand Plaintiff for her conduct in this regard and to direct Plaintiff to cease and desist from engaging in such conduct in the future.

## DISCUSSION

### A.  Standard of Review

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(citation and quotations omitted). In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme

Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1968 (quoting Conley, 355 U.S. at 45-46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

　　　The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the

6

Metropolitan Detention Center which, if true, violated his constitutional rights. Id. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[4] Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... . Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 11949-1950 (citations omitted).

---

[4] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed.R.Civ.P. 8(d).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.  Fair Housing Act Claim**

In 1968, Congress enacted the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, to prohibit housing discrimination based on race, color, religion, or national origin.  The Fair Housing Act was amended in 1974 to prohibit discrimination based on gender, and in 1988, Congress passed the Fair Housing Amendments Act of 1988, which extended fair housing protection to prohibit discrimination based on "familial

8

status."[5]  See United States v. Branella, 972 F. Supp. 294, 297 (D.N.J. 1997).  Here, Plaintiff purports to bring this lawsuit under the Fair Housing Act, which makes it unlawful "[t]o discriminate against any persons in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).  Specifically, in this instance, it appears that Plaintiff is alleging that defendants have failed or delayed to make repairs to her apartment on account of her race.  She also claims that defendants will not allow her to terminate her lease based on her claim that the apartment is uninhabitable.[6]  There is a cause of action under the FHA for failure to make repairs or delay tactics causing financial harm.  See 42 U.S.C. § 3604(b); see Marshall v. Park Plaza Condominium Ass'n., 1999 WL 58656 *3 (E.D. Pa., Jan. 13. 1999); Green v. Konover Residential Corp., 1997 WL 7365528, *11 (D. Conn., Nov. 24, 1997).

---

[5] The Fair Housing Amendments Act also expanded Title VIII protection to prevent discrimination against individuals with handicaps.  See Arc of New Jersey, Inc. V. New Jersey, 950 F. Supp. 637, 642-43 (D.N.J. 1996).

[6] This Court rejects Defendants' argument that the Fair Housing Act only makes it unlawful for an owner or rental agent to refuse to sell or rent a dwelling to an individual protected under the Act.  While the Defendants did not refuse to rent to Plaintiff or demand that she vacate, it could be construed that the failure to make repairs to the unit constituted constructive eviction.  See Green v. Konover Residential Corp., 1997 WL 7365528, *11 (D. Conn., Nov. 24, 1997).

The FHA can be violated by either intentional discrimination or if a practice has a disparate impact on a protected class. Community Services, Inc. v. Wind Gap Mun. Authority, 421 F.3d 170, 176 (3d Cir. 2005). To establish a violation of the Fair Housing Act, a plaintiff must show that the challenged actions were either (i) motivated by intentional discrimination or (ii) resulted in a discriminatory effect, even absent evidence of a discriminatory motive. Eastampton Center, L.L.C. v. Township of Eastampton, 155 F. Supp.2d 102, 111 (D.N.J. 2001)(internal citations omitted.).

In this case, where Plaintiff is alleging racial discrimination under the Fair Housing Act, Plaintiff must show that (1) she is a member of a protected class; (2) she applied for and was entitled to receive repairs to the rented apartment in question; (3) she was rejected or otherwise treated adversely on account of her race; and (4) the unit remained in disrepair while she continued to rent and other residents not of Plaintiff's race had repairs made after Plaintiff was rejected. See Branella, 972 F. Supp. at 299.

In support of their motion to dismiss, Defendants first argue that Plaintiff has not exhausted her administrative remedies by filing a complaint with the New Jersey Attorney General's Office - Civil Rights Division or the Department of Housing and Urban Development ("HUD") before bringing this

federal action. Plaintiff counters that she was unaware of this alleged requirement because she was never given a copy of her lease agreement.

This Court rejects Defendants' argument. Plaintiff need not exhaust administrative remedies through HUD or HUD-certified state agencies before bringing a claim in federal court under the Fair Housing Act. See Mitchell v. Cellone, 389 F.3d 86, 90 (3d Cir. 2004); Oxford House, Inc. v. City of Virginia Beach, Va., 825 F. Supp. 1251, 1258 (E.D. Va. 1993). In fact, enforcement may be accomplished in two ways: administrative enforcement under 42 U.S.C. § 3610, and private enforcement under § 3613.[7] Under § 3610, an aggrieved person may file a complaint with the Secretary of HUD alleging a discriminatory housing practice. By its terms, § 3610 requires the Secretary to refer a housing complaint to a certified state public agency (if one exists), which will assume responsibility for the investigation and, if warranted, prosecution of a housing discrimination claim. See 42 U.S.C. § 3610 (2003). Alternatively, § 3613 allows for a civil cause of action in either State or Federal court within two years after any alleged housing discrimination, whether or not an administrative complaint has been filed under § 3610. See 42 U.S.C. § 3613(a)(2)(2003)("An aggrieved person may commence a

---

[7] A third option, enforcement by the Attorney General, is authorized by 42 U.S.C. § 3614.

11

civil action ... whether or not a complaint has been filed under § 3610(a) of this title and without regard to the status of any such complaint ...")(emphasis added). The only limitation on this private avenue of enforcement is that an aggrieved person may not initiate a private suit if administrative enforcement has been activated and such enforcement has led to the commencement of an administrative hearing on the record. See 42 U.S.C. § 3613(a)(3)(2003). As interpreted by the Third Circuit, "the plain language of §§ 3610 and 3613 state that a dual enforcement scheme exists that allows an aggrieved party to pursue both private and administrative enforcement until such time as either avenue has achieved resolution of the claim." Mitchell, 389 F.3d at 90.

Thus, an aggrieved person can commence a civil action in federal court and by-pass the HUD administrative process altogether. See 42 U.S.C. § 3613; see also House Report at 39, reprinted in 1988 U.S.C.C.A.N. at 2200 (stating that "[a]n aggrieved person is not required to exhaust the administrative process before filing a civil action. The Committee intends for the administrative proceeding to be a primary, but not exclusive, method for persons aggrieved by discriminatory housing practices to seek redress."); Oxford House, Inc., 825 F. Supp. at 1258.

Next, Defendants contend that Plaintiff has not proffered any evidence to show that Defendants discriminated against her on

12

account of her race.  For instance, in Exhibit A to the Complaint, Defendants argue that Plaintiff acknowledges that housing inspectors have assured her repeatedly that the requested repairs would be done.  However, it is not clear from Plaintiff's letter whether she is referring to Defendants' employees or to local officials.

Defendants also state that in Plaintiff's July 7, 2009 letter, Plaintiff confirmed that the tub drain was repaired, although other repairs remained to be completed.  Thus, this acknowledgment of the tub drain repair shows that there was no intentional discrimination against Plaintiff.

However, Carter does allege that she has repeatedly complained to defendants that her apartment is uninhabitable and has asked to terminate her lease, but has been refused. Specifically, plaintiff alleges that other white tenants have been allowed to terminate their leases on lesser grounds, and that the apartment manager has responded to her in a racially discriminatory manner.  Indeed, plaintiff relates the racial remark by defendant Certoma in which Certoma allegedly stated that she "did not like renting to 'niggers'" because "there is always a problem when she rents to 'niggers.'"  Moreover, the letter relied upon by Defendants also show that Plaintiff's primary repair concerns remained unaddressed for a substantial period of time.

13

Accordingly, it would appear that Plaintiff has alleged facts that purport to show racial discriminatory conduct, which this Court must accept as true at this stage of the litigation. Moreover, these factual allegations, if true, may state a plausible claim for relief under the Fair Housing Act. Plaintiff does allege that white tenants were treated differently with respect to requests for repairs and their ability to terminate their leases, both of which were denied to Plaintiff. This racially discriminatory conduct is reinforced by Plaintiff's allegation that defendant Certoma made racially discriminatory remarks to Plaintiff. Therefore, this Court finds that Plaintiff has set forth a factual predicate for her claim under the Fair Housing Act, sufficient to apprise Defendants of her claim and the grounds upon which it rests, and satisfies Plaintiff's pleading burden for her action to survive summary dismissal at this time. See Fed.R.Civ.P. 8(a)(2)(requiring only a short and plain statement of the claim showing that the plaintiff is entitled to relief). Accordingly, defendants' motion to dismiss on this claim will be denied.

**C.   Title VI of the Civil Rights Act of 1964 Claim**

Plaintiff also asserts jurisdiction in this Court under Title VI of the Civil Rights Act of 1964. Title VI provides that "[n]o person ... shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits

14

of, or be subjected to discrimination under any activity of program receiving Federal financial assistance." 42 U.S.C. § 2000d.

For the reasons as set forth above with respect to Plaintiff's Fair Housing discrimination claim, this Court finds that Plaintiff has plead facts sufficient to place defendants on notice of a Title VI discrimination claim. Accordingly, the motion to dismiss must be denied with respect to defendant Hamilton Affordable Housing, LLC.

However, the named defendant, Natalie Certoma, as an individual who did not receive federal financial assistance, cannot be liable on Plaintiff's Title VI claim. See Chance v. Reed, 538 F. Supp.2d 500, 511 (D. Conn. 1998)(no individual liability under 42 U.S.C. § 2000d). Consequently, any Title VI claim asserted by Plaintiff against Certoma must be dismissed with prejudice.

### D.  **Rehabilitation Act Claim**

Finally, Plaintiff asserts jurisdiction in this Court under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"). The Rehabilitation Act provides, in pertinent part, that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal

15

financial assistance ... ." 29 U.S.C. § 794(a). An "individual with a disability" is defined as a person that "has a physical or mental impairment, which substantially limits one or more of such person's major life activities; has a record of such impairment; or is regarded as having such an impairment." 29 U.S.C. § 705(20)(B).

To state a claim for relief under the Rehabilitation Act, Plaintiff must allege that: (1) she is disabled; (2) she is "otherwise qualified" for the benefit sought; (3) she is being excluded from the participation in, denied the benefits of, or subjected to discrimination "solely by reason of ... [her] disability;" and (4) the entity in question receives federal financial assistance. See Doe v. Division of Youth and Family Services, 148 F. Supp.2d 462, 490 (D.N.J. 2001).

Here, this Court agrees with Defendants, and finds that Plaintiff has not alleged any facts justifying a claim under the Rehabilitation Act. Plaintiff has not alleged that she is disabled; nor has she alleged that she was excluded from a program or service, or from receiving a benefit, solely by reason of a disability. At most, Plaintiff states in her Complaint that after she moved in, certain items were missing from her apartment, such as her insulin and syringes, but also jewelry and other items were missing, and she reported this to the main office. However, this allegation alone without more fails to

16

establish any of the essential elements to a Rehabilitation Act claim.  Therefore, this Court will dismiss Plaintiff's Rehabilitation Act claim for failure to plead any of the essential elements which would apprise defendants of the basis for her claim.

**E.   Restraint on Plaintiff's Filings with the Court**

On August 14, 2009, this Court received a letter from defendants' counsel informing the Court that Plaintiff had sent a vexatious and defamatory letter to defendant Hamilton Affordable Housing about defendant Certoma.  Defendants' counsel attached Plaintiff's letter for this Court to review, and asked that Plaintiff be reprimanded and directed to cease and desist in engaging in such conduct in the future.

This Court reviewed the letter Plaintiff sent to defendant, which was inadvertently docketed.  (Docket entry 16-2).  Because the letter contains sensitive information of a defamatory nature that should not have been publicly filed, this Court will direct the Clerk to remove the contents of Document 16-2 from the Civil Docket in this matter, pursuant to L.Civ.R. 5.2, ¶ 17.

Further, this Court finds that the letter Plaintiff sent defendant, as well as numerous other letters filed by Plaintiff in several lawsuits that have been terminated earlier this year, demonstrate an escalating pattern of abusing the litigation process by filing vexatious, repetitive, and frivolous

17

complaints.  Indeed, based on numerous letters submitted by Plaintiff in some of her lawsuits, which letters contained sensitive and defamatory information, the Honorable Tonianne J. Bongiovanni, U.S.M.J., exercised her discretion in matters of docket control, see U.S. S.E.C. v. Infinity Group Co., 212 F.3d 180, 197 (3d Cir. 2000), by issuing a Letter Order on August 18, 2009, that precludes Plaintiff from formally filing any documents in this action as well as eight other actions filed by Plaintiff this year, without first obtaining court approval to do so.  (See Docket entry no. 18).  Consequently, this Court further reminds Plaintiff that she is obligated to conduct her case in accordance with the Court's Order of August 18, 2009, as well as in accordance with rules of the District Court.

**F.   Request for Postponement of Case**

Finally, this Court considers Plaintiff's request for a postponement of her case to obtain counsel.  (Docket entry no. 15).  Given that Plaintiff's motion for appointment of counsel recently was denied on September 17, 2009, (see Docket entry no. 19), this Court finds no reason to postpone Plaintiff's case at this time.  Accordingly, this case will proceed.

## CONCLUSION

For the reasons set forth above, the motions to dismiss, filed on behalf of Defendants, Hamilton Affordable Housing, LLC and Natalie Certoma, will be denied with respect to Plaintiff's

claims under the Fair Housing Act and Title VI of the Civil Rights Act of 1964.  However, defendant Natalie Certoma will be dismissed from this action with respect to the Title VI claim.  The motion to dismiss Plaintiff's action under the Rehabilitation Act will be granted as to both defendants, because Plaintiff has failed to plead the basis for such claim.  Plaintiff's application asking for postponement of her action (Docket entry no. 15) will be DENIED without prejudice at this time.  An appropriate Order accompanies this Opinion.


                                            s/Freda L. Wolfson
                                            FREDA L. WOLFSON
                                            United States District Judge
Dated: October 6, 2009