UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUDREY CARTER,<br><br>      **Plaintiff,**<br><br>   v.<br><br>HAMILTON AFFORDABLE HOUSING LLC, et al.,<br><br>      **Defendants.** | Civil Action No. 09-2399 (FLW)<br><br>ORDER |

    This matter having been opened to the Court upon application by *pro se* Plaintiff, Audrey Carter, seeking appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) [Docket Entry No. 24]; and Plaintiff arguing that she needs an attorney because she does "not know discrimination law" but, instead, only knows how "to file certain documents" (Pl. Appl. at 4); and Plaintiff further arguing that she cannot afford to hire an attorney on her own behalf as she only makes $203.50 per week (*Id.*); and the Court having fully reviewed and considered Plaintiff's application; and the Court noting that Plaintiff previously applied for the appointment of *pro bono* counsel and that that application was denied without prejudice because after balancing the *Tabron* factors Plaintiff appeared capable of presenting her claims without the assistance of counsel (*Tabron v. Grace*, 6F.3d 147, 153-54 (3d Cir. 1993)); and the Court finding that pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel[;]" and the Court further finding that there is no right to counsel in a civil case (*Tabron v. Grace*, 6F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)); and the Court further finding that under *Tabron* in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the

applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf (*Tabron*, 6 F.3d at 155-157); and the Court further finding that other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel (*Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58)); and the Court noting that while this matter was filed almost eight months ago, it is still in its relative infancy as the Initial Pretrial Scheduling Conference occurred only two days ago; and the Court further finding that, as such, "the factual and legal issues 'have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate'" (*Jenkins*, 2006 WL 2465414, at *1 (quoting *Chatterjee v. Philadelphia Federation of Teachers*, Nos. Civ. A. 99-4122, Civ. A. 99-4233, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000)));  and the Court further finding that at this point in time, Plaintiff has not demonstrated the complexity of legal issues, the degree to which factual investigation will be necessary, whether the case is likely to turn on credibility determinations or that expert testimony will be required; indeed, the Court finds that this matter appears to present relatively straightforward legal issues and does not appear to be unusually complex; and the Court further finding that at this early stage of proceedings, Plaintiff appears capable of presenting her claims and defenses

without the assistance of counsel; indeed, the Court notes that in addition to filing the Complaint in this matter as well as the instant and former application for *pro bono* counsel, Plaintiff has successfully filed an application to proceed *in forma pauperis*, which was granted, as well as opposition to Defendants' motion to dismiss, which was ultimately granted in part and denied in part;  and the Court further finding that under these circumstances, when the *Tabron* factors are considered in conjunction with the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time (*see Jenkins v. D'Amico*, Civ. Action No 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58)), they weigh against appointing counsel at this time; and the Court noting that in denying Plaintiff's initial application, the Court considered Plaintiff's argument that she needed an attorney because she has a disability; and the Court further noting that it determined that on balance Plaintiff's argument concerning her disability was insufficient to support the appointment of counsel because Plaintiff did not describe what her disability was or how it effected her ability to pursue this matter on her own, nor did Plaintiff provide any documentation supporting her claim that she was disabled; and the Court further noting that in the instant application, Plaintiff does not mention her disability or provide any additional information regarding same; and the Court further noting that during the Initial Pretrial Scheduling Conference which occurred on January 5, 2010, Plaintiff argued that she needed an attorney because she had certain medical issues to which the Court responded that Plaintiff should provide the Court with evidence documenting same; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

     IT IS therefore on THIS 7th day of January, 2010,

ORDERED that Plaintiff's application for the appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff may renew her application for the appointment of *pro bono* counsel at a later date and that such a renewed application should contain information documenting and describing Plaintiff's disability and/or medical condition and how it prevents her from effectively presenting her claims in this matter as a *pro se* litigant.

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**